A. Unna *v.* Kealaula.

## SUPREME COURT—IN BANCO.

### APRIL TERM—1876.

*Harris and Judd, J. J.*

### A. UNNA *vs.* KEALAULA.

THE true construction of Section 1 of the Act of 13th June, 1868, entitled "An Act to regulate contracts between masters and servants" is, that each version of the contract, Hawaiian and English must be signed by both parties.

The law does not require, in order to the validity of the contract, that the servant be furnished with a copy.

OPINION BY JUDD, J.

The papers in this case show that on the 23d of February, A. D. 1875, the District Judge for Hana, Maui, tried the complaint of A. Unna against Kealaula for desertion of his service under a contract to labor, dated September 1st, 1874. The District Justice remanded the respondent to the service of the complainant to work out his contract and ordered respondent to serve six months additional time.     From this, the respondent appealed to the Circuit Judge of the Island of Maui.     This appeal was heard on the 2d September, 1875, and the Circuit Judge affirmed the judgment of the District Judge, and from this, the respondent appealed to the Circuit Court of the second Judicial Circuit.

The case came on to be heard by the Court in December, 1875, the jury being waived.     The Court took the testimony offered and delivered the following judgment:

"It is claimed that Kealaula (k.) had not received the money paid in advance in his own hands, though it is admitted that the money was counted out on the table in his presence, and that some persons who had claims against him

took it without any objection on his part, and apparently by his consent, and in his presence. This was a payment by Mr. Unna to Kealaula (k.) and a receipt of the money by him, Kealaula."

But it is again urged that no copy of the contract was taken by the servant, Kealaula.

There is no statute that makes the delivery of a copy to the servant necessary for the binding effect of a contract. The statute implies that the servant is to have a copy, but it nowhere says that it is necessary to make the contract binding. The servant had a right to a copy, but he might waive it, and apparently did so.

But the Statute Laws (section laws 1868, page 40) say "all contracts for service between masters and servants, where either of the contracting parties is of Hawaiian birth, shall be written and printed in both the Hawaiian and English languages. No such contracts shall have effect in law when executed in the one language only."

Now the inspection of this contract shows that the contract was executed in the Hawaiian language only. It is urged that the contract is executed in the language which Kealaula (k.) understood and which alone he understood, and that it is unreasonable to require an addition, and to be executed in a language which he does not understand.

The Court does not inquire into the reasons which prompted the Legislature to the enactment, but it is certain that the law does say that the contract "shall not have effect when executed in one language only."

And for this reason judgment must be entered for Kealaula.

From this ruling the complainant took an exception to the Supreme Court in Banco.

It is now urged that, as the point upon which the Circuit Court decided the case, was not made by the respondent, the Supreme Court in Banco, should pass it by. But where, as in this case, the complainant claimed the services of the

A. Unna *v.* Kealaula.

respondent by virtue of a contract put in evidence by himself, the Court in passing upon the case upon appeal, was justified in noticing the form of the contract, and in ascertaining whether it conformed to law.

It is therefore competent for this Court on exceptions to decide whether the contract, the basis of this action, is in conformity with law.

The contract is as follows:

### AGREEMENT—OLELO AELIKE.

By this Indenture the Owners of Hana Plantation, Island of Maui, of the first part, agree with Kealaula of the second part as follows:

1.—I, Kealaula, agree to work faithfully and diligently for said Owners of Hana Plantation for the term of eighteen months, from the 1st day of September, 1874, (each month to consist of twenty-six days labor,) in their service and at such place as they or their agents may assign me to work, not less than ten hours work per day.

2.—The Owners of Hana Plantation aforesaid agree faithfully to pay to Kealaula the sum of eight dollars ($8.00) for each month of faithful service, to the end of the term specified above, and also to provide him with poi, not with meat, until this agreement expires.

Ma keia Palapala, ke aelike nei ka Hui Mahiko ma Hana, Mokupuni o Maui, ka aoao mua, me Kealaula ka aoao elua, penei:

1.—Owau, o Kealaula ke ae nei au e hana mamuli o ka Hui Mahiko ma Hana, i oleloia, no na malama umikumamawalu mai ka la 1 o Sepatemaba, 1874, (he iwakaluakumamaono la hana ko kela me keia malama) ma ko lakou hana, ma na wahi e haawi mai ai lakou a me ko lakou mau hope ia'u e hana me ka hana ikaika, me ka haalele ole, aole emi malalo o umi hora hana o ka la.

2.—A ke ae nei ka Hui Mahiko ma Hana, i oleloia, e haa-

A. Unna *v.* Kealaula.

wi pono aku ia Kealaula i na dala ewalu ($8.00) no kela a me keia malama ana e hana pono ai a pau ka manawa, a e hoolako aku iaia i ka ai, aole ia.

A no ka oiaio o keia, ke kau nei maua i ko maua mau lima i keia la 20 o Augate, 1874.

No ka Hui Mahiko ma Hana.

|  |  |
|---|---|
| (Signed) | A. UNNA. |
| (Signed) | KEALAULA. |

Ua loaa mua mai no keia aelike ana i keia la na dala kanahikukumamahiku me hapalua ($77.50.)

|  |  |
|---|---|
| (Signed) | KEALAULA. |

The question is, whether this contract is "excuted in one language only." To "execute" a deed is to make it, or as is generally understood, to sign, seal and deliver it, and we presume that the Legislature, in the statute referred to, must have used the word "execute" in the same sense, that is, to "make" the contract, by writing (and) or printing it and signing it.

But the signing of a contract is an essential part of its execution: now, the signing required by this statute to be in both languages, cannot mean the writing of a man's name in both languages. This would be an absurd construction, for the name of a person does not have two versions, one a Hawaiian and one an English. Kealaula for instance, would be written in the same way in English or in Hawaiian.

When, therefore, the statute requires that the contract shall be signed (as a part of its execution) in "both languages," it must mean that both the Hawaiian and English versions must be signed, and that, too, by both parties. The two versions thus signed constitute one contract, "executed in both languages," and in this manner only can the statute be complied with.

It may well be said that a reasonable man would suppose that what the Legislature intended to secure was, that the

Hawaiian in making a labor contract should be entitled to have it in his own language, (the Hawaiian) so that he could read it and understand its terms, and that as the Hawaiian part of this contract is signed by both parties, the law is sufficiently complied with.

But the above surmised intention of the Legislature would not be secured unless the Hawaiian had this Hawaiian copy of the contract furnished him for his use and reference. This, however, the law does not require, nor was it done in the case at bar.

The intention of the Legislature must be gathered from the text of the statute itself, and it distinctly required that each contract in its entirety should be executed in both languages.

The contract shown not being thus executed, the exceptions are overruled.

The case of A. Unna *vs.* Kahue being identical with the foregoing, the same reasoning applies, and the exceptions in that case are overruled.

A. S. Hartwell for complainant.

G. B. Kalaaukane for respondent.

Honolulu, April 24th, 1876.